[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant-mortgagors in this foreclosure action, Joseph and Deborah Luberto, have applied for protection from foreclosure under the provisions of G.S. § 49-31d ff. On November 23, 1998, the court held an evidentiary hearing concerning the applicants' eligibility for protection from foreclosure.
Section 49-31f provides that a homeowner is eligible for protection from foreclosure by way of a stay of the foreclosure proceedings and a restructuring of the mortgage debt if the homeowner is unemployed or underemployed; the property being foreclosed upon was the homeowner's principal residence for at least two years before suit; the homeowner had no other foreclosure action filed against him or her during the previous seven years; the homeowner received no emergency mortgage assistance during the previous two years; a likelihood exists that the homeowner will be able to make timely payments of the restructured mortgage debt after the restructuring period; and that neither the foreclosing lender nor subordinate lienors will be substantially prejudiced by restructuring of the mortgage debt. If an underemployed homeowner meets these criteria, § 49-31g(a) confers upon the court the discretion to order the mortgage debt restructured within various guidelines and limitations.
The applicants in the present case satisfy the definitions of CT Page 13581 homeownership and underemployment set forth in § 49-31d(2) and (6). The other eligibility requirements of § 49-31f(a) and (b) are also met. The court, however, finds that the applicants have failed to establish that there is a likelihood that they will be able to make timely payments on the restructured debt as mandated by § 49-31f(d)(1).
The applicants own and operate a subchapter S corporation which manufactures and sells braided rugs wholesale. Formerly, the business had a retail outlet store. This store was closed to save overhead and redirect the business entirely toward the wholesale market. The applicant's salary dropped from over $38,000 per year to $13,000 per year for the past year. The homeowners expect business to pick up in the near future.
After consideration of the testimony and documents adduced at the hearing, the court finds that this expectation is speculative and overly optimistic. The record of gross sales for the past year shows a decline in revenue rather than a rebound for the last four quarters. The homeowner's have already missed six months of payments and the restructured debt payments will be higher in order to eliminate the interest arrearage which will have accrued. The homeowners have accumulated no equity in the property and presently owe a mortgage balance which exceeds the amount of the original loan.
The court concludes that the applicants are ineligible for protection, and the application is denied.
Sferrazza, J.